CARRIE O. FLEMING, as Executrix, and RICHARD C. ADDY, as Executor, etc., of ANDREW FLEMING, Deceased, Respondents, v. CHURCH OF THE NATIVITY, Appellant.— Action on a contract to recover from the defendant installments thereunder which became due to the plaintiffs' testator from the defendant between June 30, 1933, and date of his death in 1938. The defendant interposed an answer containing a defense that the testator had forgiven or waived in fact the performance of the contract by the defendant. The defense was dismissed on defendant's opening to the jury, and judgment was directed in favor of the plaintiffs. Judgment unanimously affirmed, with costs. The defense was sufficient as a matter of mere pleading but the defendant's opening did not sustain the defense. It was conceded that there was no consideration for the forgiveness of the obligation in the contract or waiver of performance by the defendant. The will of the testator, invoked as indicating an intent to forgive because it contained a contingent bequest of $100 to the defendant, was made in 1929, before the defendant breached its contract in 1933. The additional circumstances that the testator did not take active steps to enforce the contract between the date of its breach and the date of his death; that he was greatly interested in the defendant and, therefore, would be averse to having the contract enforced, with consequent disadvantage to the defendant, were not sufficient to avoid the obligation of the contract set out in the complaint. The defendant did not profess to have and does not now claim to have legal evidence that the testator by declarations orally or in writing released, forgave or waived performance of the contract by the defendant. The defendant conceded that its chief reliance was upon a claimed waiver arising as a consequence of the provision in the will; the fact that no payments

were made under the contract and no attempt was made to enforce such payments between 1933 and the date of the testator's death. These facts were insufficient to sustain the defense pleaded and were insufficient to bar a recovery on the contract, the essential allegations in respect of which in the complaint were admitted. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.